# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE D. SCHREANE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ANDRE MATEVOUSIAN,<br><br>　　　　Respondent. | Case No. 1:17-cv-01217-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS MOTION FOR INJUNCTIVE RELIEF, DISMISS MOTION FOR REDRESS OF GRIEVANCE, AND DENY PETITIONER'S MOTION TO DISMISS<br><br>(ECF Nos. 7, 14, 23) |

Petitioner Clarence D. Schreane is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Additionally, Petitioner has filed motions for injunctive relief, for redress of grievance, and to dismiss his incident report for Respondent's alleged failure to respond to the petition. For the reasons stated herein, the undersigned recommends that Petitioner's motion for injunctive relief and motion for redress of grievance be dismissed and that Petitioner's motion to dismiss be denied.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Eastern District of Tennessee. On September 11, 2017, Petitioner filed a federal petition for writ of habeas corpus in this Court challenging a disciplinary proceeding. (ECF No. 1).

1

## II.

## DISCUSSION

**A. Petitioner's Motion for Injunctive Relief and Motion for Redress of Grievance**

On October 25, 2017, Petitioner filed a motion for injunctive relief, requesting that the Court order Respondent to provide memoranda regarding institutional lockdowns, postage for legal and commercial mail, and hygiene products. (ECF No. 7). On November 27, 2017, Petitioner filed a motion for redress of grievance, alleging that his legal property was wrongfully confiscated. (ECF No. 14). On January 18, 2018, Respondent filed his response to the motions, arguing that "[t]he relief Petitioner seeks is not cognizable in habeas because his allegations involve conditions of confinement, not a fact or duration of that confinement." (ECF No. 20 at 3). Alternatively, Respondent asserts that the motions should be dismissed for failure to exhaust administrative remedies. (Id.). On February 2, 2018, Petitioner filed his reply. (ECF No. 21).

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Relying on Skinner v. Switzer, 562 U.S. 521 (2012), the Ninth Circuit has held that if success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, is not cognizable under 28 U.S.C. § 2254. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). However, the Ninth Circuit explicitly declined to address how the standard suggested in Skinner would apply to habeas petitions under 28 U.S.C. § 2241 brought by federal prisoners. Nettles, 830 F.3d at 931.

Although the Ninth Circuit has stated that "petitions that challenge the manner, location, or conditions of a *sentence's execution* must be brought pursuant to § 2241 in the custodial court," Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (emphasis added), general conditions of confinement claims are not cognizable under § 2241. See Wright v. Shartle, 699 F. App'x 733 (9th Cir. 2017) (finding claims that BOP officials unconstitutionally seized mail and imposed sanctions of loss of phone, visitation, and email correspondence

privileges are not cognizable under § 2241 and should instead be brought in a civil rights action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)).

Based on the foregoing, the Court finds that the claims Petitioner raises in his motion for injunctive relief and motion to redress grievance with respect to memoranda regarding institutional lockdowns, postage for legal and commercial mail, hygiene products, and confiscation of legal property, are not cognizable under § 2241 and should be brought, if at all, in a civil rights action under Bivens.[1]

The undersigned finds, however, that it would be inappropriate to construe the motion for injunctive relief and motion for redress of grievance as a Bivens action given that habeas corpus and prisoner civil rights actions differ in a variety of respects. For example, Petitioner would be required to pay the $350 filing fee for a civil action. Even if granted *in forma pauperis* status,[2] Petitioner would be required to pay the full amount by way of deductions from income to Petitioner's trust account. 28 U.S.C. § 1915(b)(1). Additionally, "federal prisoners suing under Bivens . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit," Porter v. Nussle, 534 U.S. 516, 524 (2002), and it appears Petitioner may not have properly exhausted available administrative remedies. (ECF No. 20 at 5; ECF No. 20-1 at 3). Further, the claims would be subject to screening pursuant to 28 U.S.C. § 1915A(a), and dismissal for failure to state a claim upon which relief may be granted could count as a "strike" against Petitioner and thereby restrict Petitioner's ability to obtain *in forma pauperis* status in future actions. See 28 U.S.C. § 1915(g).

**B. Petitioner's Motion to Dismiss**

On March 19, 2018, the Court received Petitioner's motion to dismiss his incident report and reinstate his good time credit based on Respondent's alleged failure to file a timely response to the petition. (ECF No. 23). The Court had granted Respondent two extensions and ordered that a response to the petition be filed by February 15, 2018. (ECF No. 19). Respondent filed a timely

---

[1] The Court notes that Petitioner does not allege that any of the conditions of which he complains in the motions prevented Petitioner from litigating the instant habeas proceeding. Therefore, there is no basis to exercise the Court's authority to issue "writs necessary or appropriate in aid of" this Court's jurisdiction. 28 U.S.C. § 1651(a).

[2] Petitioner has not been authorized to proceed *in forma pauperis* in this matter.

3

response to the petition on February 15, 2018. (ECF No. 22). Accordingly, Petitioner's motion to dismiss should be denied.

### III.
### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for injunctive relief (ECF No. 7) be DISMISSED;
2. Petitioner's motion for redress of grievance (ECF No. 14) be DISMISSED; and
3. Petitioner's motion to dismiss (ECF No. 23) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 14, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4